**Nichols Kaster, PLLP**
Donald H. Nichols (DN 0689)
Michele R. Fisher (MF 4600)
Paul J. Lukas, MN Bar No. 22084X
(*pro hac vice* application forthcoming)
Steven Andrew Smith, MN Bar No. 260836
(*pro hac vice* application forthcoming)
E. Michelle Drake, MN Bar No. 0387366
(*pro hac vice* application forthcoming)
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200



RECEIVED

AUG 19 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE IMBEAULT on behalf of herself, all others similarly situated, and the Proposed New York Rule 23 Class,<br><br>    Plaintiff,<br><br>vs.<br><br>RICK'S CABARET INTERNATIONAL INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  08-CV-5458 (GEL)

**FIRST AMENDED CLASS ACTION COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)**

Plaintiff Nicole Imbeault, on behalf of herself and all others similarly situated, and on behalf of the members of the proposed New York Rule 23 Class, upon personal knowledge as to herself and upon information and belief as to other matters, by and through her attorneys, for her Complaint against Defendants and Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. ("Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.     This case is about Defendant RCI Entertainment (New York) Inc. and its parent company, Defendant Rick's Cabaret International Inc., operating in New York as Peregrine Enterprises, Inc., as an adult nightclub in New York City where they willfully refuse to pay a minimum wage; unlawfully request, demand, and receive wages from employees; unlawfully demand and accept gratuities and retain a part of gratuities or charges purported to be gratuities; unlawfully deduct employee wages through fines and penalties for lateness and misconduct; unlawfully fail to reimburse employees for the purchase of required uniforms, and fail to pay employees in addition to the required minimum wage for the laundering of such uniforms. Such actions have been taken with respect to Plaintiff Imbeault and those similarly situated and/or members of the New York Rule 23 Class.

2.     Plaintiff Nicole Imbeault, on behalf of herself and other similarly situated current and former employees, brings this Nationwide Collective action against Defendant Rick's Cabaret International Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay a minimum wage.

3.     Plaintiff Nicole Imbeault, as Class Representative ("Class Representative") brings this New York Rule 23 Class Action on behalf of herself and all members of the proposed New York Rule 23 Class against Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York state law, including but not limited to New York Labor Laws § 190, *et. seq.* and § 650, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

4.      Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Plaintiff, similarly situated individuals, and members of the proposed New York Rule 23 Class.

## THE PARTIES

**Plaintiffs**

5.      Plaintiff Nicole Imbeault is an adult individual who is a resident of New Jersey.

6.      Plaintiff Imbeault has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Attached as Exhibit A is Plaintiff Imbeault's signed consent form.

7.      Plaintiff Imbeault and others similarly situated are current and former employees of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8.      Plaintiff Imbeault and members of the New York Rule 23 Class are current and former employees of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. within the meaning of N.Y. Lab. Laws §§ 651(5) and 190.

9.      The New York Rule 23 Class is defined as: "all persons employed by Defendant Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. in the state of New York as 'entertainers' at any time six years prior to the filing of this Complaint to the entry of judgment in the case" (the "New York Rule 23 Class") against Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc.

**Defendants**

10.     Defendant RCI Entertainment (New York) Inc. is a domestic corporation with its headquarters in New York City, New York.

11.     RCI Entertainment (New York) Inc. owns and operates Rick's Cabaret in New York City, New York.

12.     Defendant Rick's Cabaret International Inc. is a foreign corporation with its headquarters in Houston, Texas and is the parent company of Defendant RCI Entertainment (New York) Inc.

13.     Defendant Peregrine Enterprises, Inc. is a domestic corporation of New York, with its principal executive office in Houston, Texas.

14.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. are Plaintiffs' employers under the FLSA, 29 U.S.C. § 201, *et. seq.*, and New York Labor Laws § 650, *et. seq.*, and § 190, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

15.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. are Plaintiffs' employers in the restaurant industry under New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited N.Y. Comp. Codes R. & Regs. tit. 12, § 137-3.1.

16.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. employed Plaintiff Imbeault, similarly situated individuals, and members of the New York Rule 23 Class at all times relevant to this Complaint.

17.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216(b).

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is a class action with an amount in controversy over $5,000,000, exclusive of interest and costs and at least one member from the plaintiff class is a citizen of a State different from at least one Defendant.

21.     Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because Defendant RCI Entertainment (New York) Inc. resides in this District, Defendant Rick's Cabaret International Inc. is subject to personal jurisdiction in this District, and Defendant Peregrine Enterprises, Inc. resides in this District.

22.     Venue in the Southern District of New York is also proper because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

23.     Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class have been improperly classified by Defendants as independent contractors.

24.     Defendants classify all their employees who are employed as entertainers outside the state of Minnesota as independent contractors.

25.   · Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class have not been paid the minimum wage by Defendants.

26.   Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. required that Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class pay a graduated "shift fee" before they were able to start their shift.  The fee varied in price but began around $20 and increased to more than $100 per shift.

27.   Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class paid shift fees, along with other charges and fees based upon statements, representations, or understandings that failure to comply with Defendants' request or demand would prevent the Class Representative and members of the New York Rule 23 Class from procuring or retaining employment with Defendant.

28.   Defendants have requested demanded and received payments from Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class by requiring them to pay to Defendants a "shift fee" as well as other charges and fees.

29.   Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. sell "dance dollars" to patrons.

30.   Dance dollars are pieces of paper which approximate the size and shape of U.S. currency.

31.   Dance dollars are sold in increments of twenty dance dollars.

32.   Dance dollars bear their value on the front in both numeric and written form. Dance dollars state both "20" and "twenty" on the front.

33.     Patrons of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. are charged $22.00 in U.S. currency for twenty dance dollars.

34.     Patrons of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. provide employees with dance dollars as gratuities.

35.     Dance dollars bear the language "valid only at location and on date purchased."

36.     At the end of every shift, Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. exchange employees' dance dollars for U.S. currency.

37.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. do not exchange dance dollars for currency in the full amount shown on the face of the dance dollar.

38.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. exchange $18 U.S. currency for every twenty dance dollars for all dance dollars turned in by employees.

39.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. not exchange "expired" dance dollars for U.S. currency.

40.     Plaintiff Imbeault, other similarly situated, and members of the New York Rule 23 Class have all received gratuities from patrons of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. in the form of dance dollars within the relevant statutory period.

41.     Defendants have demanded and accepted gratuities received by Plaintiff Imbeault, and members of the New York Rule 23 Class through the club's policies with respect to dance

dollars, through the imposition of shift fees and penalties and fines for lateness and other misconduct, as well as other requirements regarding the sharing of gratuities.

42.     Defendants required Plaintiff Imbeault, others similarly situated, and members of the New York Rule 23 Class to wear uniforms but failed to reimburse them for the cost of such uniforms.

43.     Defendants failed to pay Plaintiff Imbeault, other similarly situated, and members of the New York Rule 23 Class a fee in addition to the minimum wage for the laundering of such uniforms.

44.     Defendants charged Plaintiff Imbeault, other similarly situated, and members of the New York Rule 23 Class fines and penalties for lateness and other misconduct. Some of these charges were made under the guise of an increased "shift fee" while others were imposed directly.

## NATIONWIDE FLSA COLLECTIVE ALLEGATIONS

45.     Plaintiff Imbeault, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the above paragraphs as set forth herein.

46.     Plaintiff Imbeault brings the First Claim for Relief on behalf of: "all persons employed by Defendants as entertainers in any state other than Minnesota at any time three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Nationwide FLSA Collective") against Defendants.

47.     Plaintiff Imbeault and the Nationwide FLSA Collective are victims of Defendant's widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et. seq.*, and that have caused significant damage to Plaintiff Imbeault and the Nationwide FLSA Collective.

48.     Defendants have willfully engaged in a pattern of violating the FLSA, 29 U.S.C. §
201 *et. seq.* as described in this Complaint in ways including, but not limited to, failing to pay
employees a minimum wage.

49.     Defendants conduct constitutes a willful violation of the FLSA, within the
meaning of 29 U.S.C. § 255(a).

50.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff
Imbeault and the Nationwide FLSA Collective, and, as such, notice should be send to the
Nationwide FLSA Collective.   There are numerous similarly situated current and former
employees of Defendants who have suffered from the common policies and plans of Defendants,
including being denied a minimum wage, who would benefit from the issuance of a Court
supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those
similarly situated employees are known to Defendants and are readily identifiable through
Defendants' records.

### NEW YORK RULE 23 CLASS ALLEGATIONS

51.     Class Representative Imbeault, on behalf of herself and all members of the
proposed New York Rule 23 Class, re-alleges and incorporates by reference the above
paragraphs as set forth herein.

52.     Class Representative brings the remaining Claims for Relief on behalf of herself
and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  The
New York Rule 23 Class is defined as: "all persons employed by Defendants Rick's Cabaret
International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. in the
state of New York as 'entertainers' at any time six years prior to the filing of this Complaint to

the entry of judgment in the case" (the "New York Rule 23 Class") against Defendants Rick's

Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc.

53.    The persons in the New York Rule 23 Class are so numerous that joinder of all

members of the New York Rule 23 Class is impracticable.  While the precise number of class

members has not been determined at this time, upon information and belief, Defendants have

employed in excess of two hundred (200) individuals as entertainers during the applicable statute

of limitations.  The Class Representative and members of the New York Rule 23 Class have been

equally affected by Defendants' violations of law.

54.    There are questions of law and fact common to the New York Rule 23 Class that

predominate over any questions solely affecting individual members of the Class, including but

not limited to:

a.    Whether the Defendants properly classified the Class Representative and members of
the New York Rule 23 Class as independent contractors under N.Y. Lab. Laws § 650,
*et. seq.*, § 190 *et. seq.*, and the supporting New York State Department of Labor
Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*;

b.    Whether the Defendants failed to pay the Class Representative and members of the
New York Rule 23 Class a minimum wage in violation of N.Y. Lab. Law § 650, *et.
seq.*, and the supporting New York State Department of Labor Regulations, N.Y.
Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*;

c.    Whether the Defendants unlawfully requested, demanded, and received wages in
violation of N.Y. Lab. Law § 198-b and the supporting New York State Department
of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*;

d.    Whether the Defendants unlawfully demanded and accepted gratuities and retained a
part of gratuities or charges purported to be gratuities in violation of N.Y. Lab. Law §
196-d and the supporting New York State Department of Labor Regulations, N.Y.
Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*;

e.    Whether the Defendants unlawfully failed to reimburse employees for the purchase of
required uniforms and failed to pay employees in addition to the required minimum
wage for the laundering of such uniforms in violation of N.Y. Lab. Laws and the
supporting New York State Department of Labor Regulations, including but not
limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8.;

f.  Whether the Defendants unlawfully deducted employee wages through fines and penalties for lateness and misconduct in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.;

g.  Whether the Defendants' foregoing conduct constitutes a willful violation of N.Y. Lab. Laws § 650, *et. seq.* and § 190, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*;

h.  The proper measure of damages sustained by the New York Rule 23 Class; and

i.  Whether the Defendants should be enjoined from such violations in the future.

55.     The Class Representative's claims are typical of those of the members of the New York Rule 23 Class.  The Class Representative, like the other members of the New York Rule 23 Class, was subjected to Defendants' policies and willful practices of refusing to pay a minimum wage; unlawfully requesting, demanding, and receiving wages; unlawfully demanding and accepting gratuities and retaining a part of gratuities or charges purported to be gratuities; unlawfully deducting employees wages through fines and penalties for lateness and misconduct; and unlawfully failing to reimburse employees for the purchase of required uniforms and failing to pay employees in addition to the required minimum wage for the laundering of such uniforms. The Class Representative and members of the New York Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

56.     The Class Representative will fairly and adequately protect the interests of the New York Rule 23 Class.   The Class Representative has retained counsel experienced in complex wage and hour class and collective action litigation.

57.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3).

58.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants.

59.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendants' policies.  There do not appear to be any difficulties in managing this class action.

61.     The Class Representative intends to send notice to all members of the New York Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF–MINIMUM WAGE
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*
### *ON BEHALF OF PLAINTIFF IMBEAULT AND THE NATIONWIDE FLSA*
### *COLLECTIVE CLASS*

62.     Plaintiff Imbeault, on behalf of herself and the Nationwide FLSA Collective, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

63.     This claim arises from Defendant Rick's Cabaret International Inc.'s willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiff Imbeault and members of the Nationwide FLSA Collective to which they were entitled.

64.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.*  At all times relevant, Defendants have employed and continue to employ, employees, including Plaintiff Imbeault and each of the Nationwide FLSA Collective Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.  At all times relevant, upon information and belief, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00.

65.     The minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendants and protect Plaintiff Imbeault and the Nationwide FLSA Collective.

66.     Plaintiff Imbeault has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

67.    Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff Imbeault and the Nationwide FLSA Collective Plaintiffs were entitled to be compensated at a rate of $5.15 per hour before July 24, 2007; $5.85 per hour from July 24, 2007 to July 23, 2008, and $6.55 per hour beginning July 24, 2008.

68.    Defendant Rick's Cabaret International Inc. was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*

69.    Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff Imbeault and the Nationwide FLSA Collective.

70.    By failing to compensate Plaintiff Imbeault and the Nationwide FLSA Collective, Defendants violated, and continue to violate, their statutory rights under FLSA, 29 U.S.C. § 206.

71.    The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

72.    Plaintiff Imbeault, on behalf of herself and the Nationwide FLSA Collective, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

73.    Plaintiff Imbeault, on behalf of herself and the Nationwide FLSA Collective, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF-MINIMUM WAGES**
**NEW YORK LABOR LAWS, § 650, *ET. SEQ.* AND THE SUPPORTING NEW YORK**
**STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. & REGS.**
**TIT. 12, § 137-1.1., *ET. SEQ.***
*ON BEHALF OF CLASS REPRESENTATIVE IMBEAULT AND MEMBERS OF THE*
*NEW YORK RULE 23 CLASS*

74.     The Class Representative, on behalf of herself and all members of the New York

Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs

of this Complaint.

75.     This claim arises from Defendants Rick's Cabaret International Inc., RCI

Entertainment (New York) Inc. and Peregrine Enterprises, Inc.'s willful violation of N.Y. Lab.

Law § 650, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y.

Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*, for failure to pay a minimum wage to the

Class Representative and the members of the New York Rule 23 Class to which they were

entitled.

76.     The minimum wage provisions of the N.Y. Lab. Laws, § 650, *et. seq.*, and the

supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit.

12, § 137-1.1., *et. seq.*, apply to Defendants Rick's Cabaret International Inc., RCI Entertainment

(New York) Inc. and Peregrine Enterprises, Inc. and protect the Class Representative and

members of the New York Rule 23 Class.

77.     Pursuant to N.Y. Lab. Laws § 650, *et. seq.*, and the supporting New York State

Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. Tit., 12 § 137-1.1., *et. seq.*,

Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine

Enterprises, Inc. were required to pay the Class Representative and members of the New York

Rule 23 Class a minimum wage of (a) $5.15 per hour for all hours worked from March 31, 2000

through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005

through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from January 1, 2007 through the present date.

78.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. pursuant to their policies and practices, refused and failed to pay a minimum wage to the Class Representative and the members of the New York Rule 23 Class.

79.     By failing to pay a minimum wage to the Class Representative and members of the New York Rule 23 Class, Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. violated, and continue to violate, their statutory rights under N.Y. Lab. Laws § 650, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

80.     The forgoing conduct, as alleged, constitutes a willful violation of the N.Y. Lab. Laws § 650, *et. seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

81.     Class Representative, on behalf of herself and the members of the New York Rule 23 Class, seeks damages in the amount of their respective unpaid wages, reasonable attorney's fees and costs of the action, liquidated damages as provided under N.Y. Lab. Law § 663, interest, and such other legal and equitable relief as the Court deems proper.

**THIRD CLAIM FOR RELIEF-UNLAWFUL "KICK-BACK" OF WAGES**
**NEW YORK LABOR LAWS § 190, *ET. SEQ.*, AND THE SUPPORTING NEW**
**YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. &**
**REGS. TIT. 12, § 137-1.1., *ET. SEQ.***
*ON BEHALF OF CLASS REPRESENTATIVE IMBEAULT AND MEMBERS OF*
*THE NEW YORK RULE 23 CLASS*

82.     The Class Representative, on behalf of herself and all members of the New York

Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs

of this Complaint.

83.     This claim arises from Defendants Rick's Cabaret International Inc., RCI

Entertainment (New York) Inc. and Peregrine Enterprises, Inc.'s willful violation of N.Y. Lab.

Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp.

Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*, for unlawfully requesting, demanding and receiving

a part of the Class Representative and members of the New York Rule 23 Class' wages,

supplements, or other things of value, upon the statement, representation, or understanding that

failure to comply with such request or demand would prevent the Class Representative and

members of the New York Rule 23 Class from procuring or retaining employment.

84.     The N.Y. Lab. Laws, § 190, *et. seq.*, and the supporting New York State

Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*,

apply to Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and

Peregrine Enterprises, Inc. and protect the Class Representative and members of the New York

Rule 23 Class.

85.     Pursuant to N.Y. Lab. Law § 198-b and the supporting New York State

Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*,

Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine

Enterprises, Inc. were prohibited from requesting, demanding, or receiving, either before or after

an employee is engaged, a return, donation, or contribution of any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

86.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. pursuant to their policies and practices, unlawfully requested, demanded or received a return, donation, or contribution of a part of the Class Representative and members of the New York Rule 23 Class' wages, supplements, or other things of value, upon the statement, representation, or understanding that failure to comply with such request or demand would prevent the Class Representative and members of the New York Rule 23 Class from procuring or retaining employment, in violation of N.Y. Lab. Law § 198-b and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., et. seq.

87.     The forgoing conduct, as alleged, constitutes a willful violation of the N.Y. Lab. Laws § 190, et. seq., and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, §137-1.1., et. seq.

88.     Class Representative, on behalf of herself and the members of the New York Rule 23 Class, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under N.Y. Lab. Law § 198, and such other legal and equitable relief as the Court deems proper.

89.     Class Representative, on behalf of herself and the New York Rule 23 Class, seeks recovery of reasonable attorney's fees to be paid by Defendants Rick's Cabaret International

Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. as provided by N.Y. Lab. Law § 198.

**FOURTH CLAIM FOR RELIEF-UNLAWFULLY DEMANDING, ACCEPTING AND RETAINING GRATUITIES**
**NEW YORK LABOR LAW § 196-d AND THE SUPPORTING NEW YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-1.1., *ET. SEQ.***
*ON BEHALF OF CLASS REPRESENTATIVE IMBEAULT AND MEMBERS OF THE NEW YORK RULE 23 CLASS*

90.     The Class Representative, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

91.     This claim arises from Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc.'s willful violation of N.Y. Lab. Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*, for unlawfully demanding or accepting gratuities and retaining a part of gratuities or charges purported to be gratuities from the Class Representative and members of the New York Rule 23 Class.

92.     Pursuant to N.Y. Lab. Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*, Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. were prohibited from demanding or accepting, directly or indirectly, any part of the gratuities, received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

93.     Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., pursuant to their policies and practices, unlawfully demanded or

accepted gratuities or retained a part of gratuities or charges purported to be gratuities from the

Class Representative and members of the New York Rule 23 Class, in violation of N.Y. Lab.

Law § 196-d and the supporting New York State Department of Labor Regulations, N.Y. Comp.

Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

94.     During the time relevant, Defendants Rick's Cabaret International Inc., RCI

Entertainment (New York) Inc. and Peregrine Enterprises, Inc. have unlawfully demanded or

accepted gratuities or retained a part of gratuities or charges purported to be gratuities from the

Class Representative and members of the New York Rule 23 Class by denying them the full

value of the dance dollars given to them as gratuities by customers, and by refusing to exchange

"expired" dance dollars, in violation of N.Y. Lab. Law § 196-d, and the supporting New York

State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et.*

*seq.*

95.     The forgoing conduct, as alleged, constitutes a willful violation of N.Y. Lab.

Laws § 190, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y.

Comp. Codes R. & Regs. Tit., 12 § 137-1.1., *et. seq.*

96.     Class Representative, on behalf of herself and members of the New York Rule 23

Class, seeks damages in the amount of their respective unpaid wages, liquidated damages as

provided under N.Y. Lab. Law § 198, and such other legal and equitable relief as the Court

deems proper.

97.     Class Representative, on behalf of herself and the New York Rule 23 Class, seeks

recovery of reasonable attorney's fees to be paid by Defendants Rick's Cabaret International

Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., as provided by N.Y.

Lab. Law § 198.

**FIFTH CLAIM FOR RELIEF-REQUIRED UNIFORMS**
**NEW YORK LABOR LAWS § 650, *ET. SEQ.* AND THE SUPPORTING NEW**
**YORK STATE DEPARTMENT OF LABOR REGULATIONS, N.Y. COMP. CODES R. &**
**REGS. TIT. 12, § 137-1.1., *ET. SEQ.* AND THE SUPPORTING NEW YORK STATE**
**DEPARTMENT OF LABOR REGULATIONS, INCLUDING BUT NOT LIMITED TO**
**N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-1.8.**
*ON BEHALF OF CLASS REPRESENTATIVE IMBEAULT AND MEMBERS OF*
*THE NEW YORK RULE 23 CLASS*

98.     The Class Representative, on behalf of herself and all members of the New York

Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs

of this Complaint.

99.     This claim arises from Defendants Rick's Cabaret International Inc., RCI

Entertainment (New York) Inc. and Peregrine Enterprises, Inc.'s willful violation of the New

York Labor Laws and the supporting New York State Department of Labor Regulations,

including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8., for unlawfully

failing to reimburse the Class Representative and members of the New York Rule 23 Class for

the cost of their required uniforms not later than the time of the next payment of wages, and for

failing to pay the Class Representative and members of the New York Rule 23 Class an amount

in addition to the required minimum wage when Defendants Rick's Cabaret International Inc.,

RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. failed to launder or maintain

required uniforms for the Class Representative and members of the New York Rule 23 Class.

100.    Pursuant to New York Labor Laws and the supporting New York State

Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit.

12, § 137-1.8., Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc.

and Peregrine Enterprises, Inc. were required to reimburse employees for the cost of the purchase

of a required uniform not later than the time of the next payment of wages.

101. Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. failed to reimburse the Class Representative and members of the New York Rule 23 Class for the cost of their required uniforms during a time not later than the time of the next payment of wages, in violation of New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8.

102. Pursuant to New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8., Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. were also required to pay Class Representative and the members of the New York Rule 23 Class an amount in addition to the required minimum wage equal to: (a) $6.40 per week on and after March 31, 2000, if the employee works more than 30 hours weekly; $5.05 per week on and after March 31, 2000, if the employee works more than 20 but not more than 30 hours weekly; and $3.05 per week on and after March 31, 2000, if the employee works 20 hours or less weekly; (b) $7.45 per week on and after January 1, 2005, if the employee works more than 30 hours weekly; $5.90 per week on and after January 1, 2005, if the employee works more than 20 but not more than 30 hours weekly; and $3.55 per week on and after January 1, 2005, if the employee works 20 hours or less weekly; (c) $8.40 per week on and after January 1, 2006, if the employee works more than 30 hours weekly; $6.60 per week on and after January 1, 2006, if the employee works more than 20 but not more than 30 hours weekly; and $4.00 per week on and after January 1, 2006, if the employee works 20 hours or less weekly; and (d) $8.90 per week on and after January 1, 2007, if the employee works more than 30 hours weekly; $7.00 per week on and after January 1, 2007, if the employee works more than 20 but

not more than 30 hours weekly; and $4.25 per week on and after January 1, 2007, if the employee works 20 hours or less weekly, if Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. failed to launder or maintain required uniforms for any employee.

103.    Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. failed to launder or maintain required uniforms for any employee.

104.    Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. to pay the Class Representative and members of the New York Rule 23 Class the required amount in addition to the required minimum wage, in violation of New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8.

105.    The forgoing conduct, as alleged, constitutes a willful violation of the New York Labor Laws and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8.

106.    Class Representative, on behalf of herself and the members of the New York Rule 23 Class, seeks damages in the amount prescribed by statute, reasonable attorney's fees and costs of the action, interest, liquidated damages, and such other legal and equitable relief as the Court deems proper.

**SIXTH CLAIM FOR RELIEF-DEDUCTING WAGES**
**NEW YORK LABOR LAW § 193 AND THE SUPPORTING NEW YORK STATE**
**DEPARTMENT OF LABOR REGULATIONS, INCLUDING BUT NOT LIMITED TO**
**N.Y. COMP. CODES R. & REGS. TIT. 12, § 137-2.5.**
*ON BEHALF OF CLASS REPRESENTATIVE IMBEAULT AND MEMBERS OF*
*THE NEW YORK RULE 23 CLASS*

107.   The Class Representative, on behalf of herself and all members of the New York Rule 23 Class, hereby repeats, re-alleges, and incorporates by reference the forgoing paragraphs of this Complaint.

108.   This claim arises from Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc.'s willful violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5., for unlawfully deducting wages by imposing fines or penalties for lateness or misconduct, by reducing the minimum wage by expenses incurred by the Class Representative and members of the New York Rule 23 Class in carrying out duties assigned by the Defendants, and by requiring Class Representative and members of the New York Rule 23 Class to make payments by separate transactions.

109.   Pursuant to N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5., Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. were prohibited from deducting wages, including deductions consisting of fines or penalties for lateness or misconduct.   Defendants were further prohibited from reducing the minimum wage by expenses incurred by an employee in carrying out duties assigned by their employer.   Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. were further prohibited from requiring Class

Representative and members of the New York Rule 23 Class to make payments by separate transaction.

110.    Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., pursuant to their policies and practices, unlawfully deducted the wages of Class Representative and members of the New York Rule 23 Class by imposing fines or penalties for lateness or misconduct, in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

111.    Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., pursuant to their policies and practices, unlawfully reduced the minimum wages of Class Representative and members of the New York Rule 23 Class by expenses incurred by the Class Representative and members of the New York Rule 23 Class in carrying out the duties assigned by the Defendants, in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

112.    Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., pursuant to their policies and practices, unlawfully required Class Representative and members of the New York Rule 23 Class to make payments by separate transactions, in violation of N.Y. Lab. Law § 193 and the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

113.    The forgoing conduct, as alleged, constitutes a willful violation of N.Y. Lab. Laws § 190, *et. seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.1., *et. seq.*

114.    Class Representative, on behalf of herself and members of the New York Rule 23 Class, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under N.Y. Lab. Law § 198, and such other legal and equitable relief as the Court deems proper.

115.    Class Representative, on behalf of herself and the New York Rule 23 Class, seeks recovery of reasonable attorney's fees to be paid by Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc., as provided by N.Y. Lab. Law § 198.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicole Imbeault, on behalf of herself and the Nationwide FLSA

Collective, prays for judgment against Defendants Rick's Cabaret International Inc., RCI

Entertainment (New York) Inc. and Peregrine Enterprises, Inc. as follows:

    a.  Designation of this action as a collective action on behalf of the Nationwide FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Nationwide FLSA Collective apprising them of the pendency of this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    b.  That Plaintiff Imbeault and the Nationwide FLSA Collective be determined and adjudicated as "employees" under the FLSA;

    c.  That the practices of Defendants be determined and adjudicated as violations of the FLSA, 29 U.S.C. § 201, *et. seq.*;

    d.  That the practices of Defendants constitutes willful violations of the FLSA, 29 U.S.C. § 201, *et. seq.*;

    e.  Judgment against Defendants for an amount equal to Plaintiff Imbeault and the Nationwide FLSA Collective's unpaid wages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

    f.  Judgment against Defendants for an amount equal as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

    g.  An award of interest, costs, and attorney's fees, and all other relief available under the FLSA, 29 U.S.C. § 201, *et. seq.*;

    h.  Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

    i.  For such further relief as the Court deems just and equitable.

WHEREFORE, Class Representative Imbeault, on behalf of herself and all members of

the New York Rule 23 Class, prays for judgment against Defendants Rick's Cabaret

International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. as follows:

a.  For Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Rule 23 Class and appoint Class Representative and her counsel to represent the class;

b.  A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  Equitable relief as permitted by law and equity, including restitution, reformation and attaching, impounding or imposing a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten funds to ensure Plaintiffs and the class have an effective remedy;

d.  That Class Representative and members of the New York Rule 23 Class be determined and adjudicated as "employees" under relevant state law;

e.  That the practices of Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. be determined and adjudicated to be willful violations of the relevant state law;

f.  Judgment against Defendants Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and Peregrine Enterprises, Inc. for amounts rightly owed to Plaintiff and for liquidated damages as authorized by statute;

g.  All costs and reasonable attorney's fees incurred in prosecuting this claim to the extent allowed by law;

h.  Interest;

i.  Leave to amend this Complaint to add relevant claims and plaintiffs; and

j.  For such further legal and equitable relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, similarly situated individuals, and members of the New York Rule 23 Class demand a trial by jury.

Dated: 8/15/08

NICHOLS KASTER, PLLP

_____

Donald H. Nichols (DN 0689)
Michele R. Fisher (MF 4600)
Paul J. Lukas, MN Bar No. 22084X
Steven Andrew Smith, MN Bar No. 260836
E. Michelle Drake, MN Bar No. 0387366
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

ATTORNEYS FOR PLAINTIFFS

**RCI ENTERTAINMENT (NY), INC. D/B/A RICK'S CABARET**
**PLAINTIFF CONSENT FORM**

I hereby consent to join the lawsuit against RCI Entertainment (NY), Inc. d/b/a Rick's Cabaret (hereinafter "Rick's Cabaret") as a Plaintiff to assert claims against it for minimum wage violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. If this case does not proceed collectively, I also consent to join a subsequent action to assert my minimum wage claim against Rick's Cabaret. During the past three years, there were occasions when I worked for Rick's Cabaret where I did not receive minimum wage.

_____   6/3/08
Signature                  Date

Nicole Imbeault
Print Name

REDACTED

Mail or Fax to:    **Nichols Kaster & Anderson, PLLP** (Attn: Heather O'Neil)
                   **80 South 8th Street, Suite 4600**
                   **Minneapolis, MN 55402**

                   **Fax: (612) 338-4878**
                   **Toll Free Telephone: (877) 448-0492**

EXHIBIT
A