UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| NICOLE IMBEAULT on behalf of herself, all others similarly situated, and the Proposed New York Rule 23 Class,<br><br>    Plaintiff,<br><br>vs.<br><br>RICK'S CABARET INTERNATIONAL INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,<br><br>    Defendants.<br>_____ | Case No. 08-CV-5458 (GEL)<br><br><br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

## INTRODUCTION

  On August 15, 2008, Plaintiff brought this action against Defendants seeking unpaid wages, liquidated damages, attorney's fees and costs, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, N.Y. Lab. Law § 650, *et seq.* and N.Y. Lab. Law § 190, *et seq.* On February 9, 2009, Defendants served Plaintiff with an Order of Judgment for a sum totaling $36,000.00, plus reasonable fees and costs, to resolve all claims against Defendants. Plaintiff accepted Defendants' offer and judgment has been entered. Plaintiff is the "prevailing party" in the lawsuit. As a result, she is entitled to reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b). The parties have not been able to agree on an amount constituting "reasonable attorneys' fees." Plaintiff's counsel employed significant time, effort, and skill in this matter, obtaining an excellent result for Plaintiff. Accordingly, Plaintiff is entitled to an award of attorneys' fees of

$88,831.25 and costs of $4,389.12. Plaintiff's Petition for Award of Attorneys' Fees and Costs should be granted.

**ARGUMENT**

**I. AS THE "PREVAILING PARTY," PLAINTIFF IS ENTITLED TO RECOVER HER REASONABLE ATTORNEYS' FEES AND COSTS.**

The purpose of section 216(b) of the Fair Labor Standards Act ("FLSA") is to ensure "effective access to the judicial process by providing attorneys' fees for prevailing plaintiffs with wage and hour grievances." *Roofers Local 317 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). "Congress intended that the wronged employee should receive his full wages…without incurring any expense for legal fees or costs." *Id.* (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)).

Consistent with these policies, in an action under the FLSA, the district court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The amount of fees awarded in an action under the FLSA is determined by the district court under guidelines set out by the Supreme Court. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").

To recover an award of attorneys' fees, Plaintiff must be the "prevailing party." *Hensley*, 461 U.S. at 432. The Supreme Court has defined a prevailing party as one who succeeds "on any significant issue in litigation which achieves some of the benefit the

parties sought in bringing the suit." *Id.* at 433. This is a "generous formulation" that is not difficult to satisfy. *Id.* In *Raishevich v. Foster*, the Second Circuit held that "[a] plaintiff who achieves relief as a result of a settlement may be considered a prevailing party if the relief obtained was 'of the same general type' as the relief sought." 247 F.3d 337, 345 (2d Cir. 2001) (citing *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 104 (2d Cir. 1991)). Plaintiffs who accept Rule 68 offers of judgment are "prevailing parties," and are entitled to attorneys' fees and costs. *See Baird v. Boies, Schiller & Flexner LLP*, 219 F.Supp.2d 510, 518 (S.D.N.Y. 2002) (citing *Sara Lee*, 950 F.2d at 104).

On February 9, 2009, Defendants served Plaintiff with an Offer of Judgment in favor of Plaintiff in the amount of $36,000.00, in full and final resolution of her claims. (Ex. A.) Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff served a written notice accepting the Offer of Judgment on February 18, 2009. (Ex. B.) Judgment has been entered in Plaintiff's favor. (Docket No. 19). Accordingly, Plaintiff's is the prevailing party in this matter.

## II. PLAINTIFF IS ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES.

After the district court concludes that the plaintiff is the prevailing party, it must determine a "reasonable" fee award. *Hensley*, 461 U.S. at 433. The Second Circuit utilizes the "lodestar" method when calculating a reasonable amount to compensate for attorneys' fees when they are recoverable. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *see also A.R. ex rel. R.V. v. New York City Dept. of Ed.*, 407 F.3d 65, 79 (2d Cir. 2005); *Chambless v.*

*Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058 (2d Cir. 1989); *Moon v. Gab Kwon*, No. 99 Civ. 11810(GEL), 2002 WL 31512816, at *1 (S.D.N.Y. Nov. 8, 2002).[1]

Courts arrive at the lodestar figure by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-34; *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The lodestar figure is *presumed* to be a reasonable fee. *City of Riverside v. Santos, Rivera*, 477 U.S. 561, 568 (1986) (emphasis added). The party seeking an award of attorney's fees bears the burden of submitting evidence supporting both the hours worked and the rates charged.

The number of hours of professional services rendered by Plaintiff's attorneys and its staff in this case equal 257.15 hours.[2] Based on this figure, the lodestar fee amount totals $88,831.25.[3]

Plaintiff requests that the Court award interim attorneys' fees as follows:

| NAME | CODE | TITLE | RATE | HOURS | FEES |
|---|---|---|---|---|---|
| E. Michelle Drake | EMD | Associate | $375.00 | 112.45 | $42,168.75 |
| Steven Andrew Smith | SAS | Partner | $425.00 | 78.60 | $33,405.00 |
| Heather J. O'Neil | HJO | Paralegal | $175.00 | 35.60 | $6,230.00 |
| Keilembo D. Ellison | KDE | Law Clerk | $175.00 | 20.10 | $3,517.50 |
| Paul J. Lukas | PJL | Partner | $500.00 | 5.20 | $2,600.00 |
| Bryn Heimann | BMH | Law Clerk | $175.00 | 5.10 | $892.50 |
| Marina D. Beatty | MDB | Paralegal | $175.00 | 0.10 | $17.50 |
| **TOTAL** | | | | **257.15** | **$88,831.25** |

---

[1] All unpublished cases are attached as Exhibits E – L hereto.
[2] See Ex. C.
[3] See Ex. C. The listed fees and costs were those incurred through February 9, 2009, the date Defendants made an Offer of Judgment. Although the hourly rate for both Steven Andrew Smith and E. Michelle Drake increased on January 1, 2009, Plaintiff is only seeking an award of attorneys' fees calculated using the hourly rates from 2008.

### A. Plaintiff's Attorneys Charge Reasonable Hourly Rates.

Factors considered in determining a reasonable fee may include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hensley*, 461 U.S. at 429-30 n.9; *see also Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *2 (S.D.N.Y. Apr. 7, 2008); *Mitland Raleigh-Durham v. Myers*, 840 F.Supp. 235, 239 (S.D.N.Y. 1993).

When determining what constitutes a reasonable attorney's fee, "a court must determine 'what a reasonable, paying client would be willing to pay' for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Torres v. City of New York,* No. 07 Civ. 3473(GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 112 (2d Cir. 2007)). Both this Court and the Second Circuit have held that "the Court must specifically look to the current market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Moon*, 2002 WL 31512816 at *2 (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)).

The hourly rates sought in this case are primarily for lead counsel Steven Andrew Smith ("Smith") ($425.00 per hour) (Smith Aff. ¶ 3) and associate E. Michelle Drake ("Drake") ($375.00 per hour) (Drake Aff. ¶ 3). Although another attorney, Paul Lukas, briefly worked on the file, the case was handled efficiently, with Mr. Smith and Ms. Drake performing the vast majority of the work. The rates charged by both attorneys are reasonable.

Steven Andrew Smith has been practicing employment law for over thirteen years, is a partner with Nichols Kaster, and practices solely in the area of Plaintiff's employment litigation. (Smith Aff. ¶ 4.) Since his admission to the bar, Smith has tried numerous cases to verdict, including seven within the last 18 months, once of which was a Rule 23 class action. (*Id*. ¶ 5.) Smith has argued four cases before the 8th Circuit Court of Appeals. (*Id*. ¶ 5.) He has also been named a "Super Lawyer" for each of the last eight years by *Minnesota Law and Politics*, and *Minneapolis St. Paul Magazine.* (*Id.* ¶ 6.) Smith was named one of the Top 100 Attorneys in Minnesota for 2007, and one of the Top 40 Employment Attorneys in Minnesota in 2004, 2005, 2006, 2007, and 2008. (*Id*. ¶ 7.) Smith has authored numerous articles, participated in numerous legal seminars and conventions on employment and trial practice issues, and is a frequent lecturer on current employment related topics. (*Id*. ¶ 8.)

E. Michelle Drake has been practicing law for approximately eight years. (Drake Aff. ¶ 5.) Drake graduated from Harvard College and has a Master's Degree from Oxford University. (Drake Aff. ¶ 4.) In 2001, Drake graduated from Harvard Law School. (*Id*.) After graduating from Harvard, Drake became a public defender in

Atlanta, Georgia where she tried several jury trials as lead counsel, including several murder cases. (Drake Aff. ¶6.) Drake then became the youngest lawyer asked to join the Office of the Georgia Capital Defender where she worked exclusively defending death penalty cases in Georgia's trial courts. (*Id.*) After maintaining her own law firm, which had a mix of civil and criminal cases, including employment matters, Drake returned to her home state of Minnesota and joined Nichols Kaster, PLLP in 2007. (Drake Aff. ¶¶ 7-8.) Since then, her practice has focused almost exclusively on Plaintiff's employment litigation. (*Id.* ¶ 8.) Drake has handled several individual employment cases, and has worked on several class actions cases. (*Id.* ¶ 9.)

The rates sought by Plaintiff's counsel are within the range of rates for comparably experienced employment law attorneys and staff in the New York City market. (*See* Raisner Aff. ¶ 10.) In addition, the rates of Plaintiff's counsel, or similar rates, have been approved by this Court in other cases.[4] As such, Plaintiff requests that the Court approve these rates as reasonable.

### B. The Hours Were Reasonably Incurred.

A plaintiff requesting an award of attorney's fees must make a good faith effort to exclude from a fee request hours that were unnecessarily expended. *Hensley*, 461 U.S. at 434. In doing so, the attorney is charged to use the same "billing judgment" a lawyer in private practice is ethically obligated to exercise. *Hensley*, 461 U.S. at 434. When

---

[4] *See N.Y. City Dist. Council of Carpenters Pension Fund v. Quantum Constr.*, No. 06 Civ 13150(GEL)(JCF), 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008); *see also Torres v. City of New York*, No. 07 Civ. 3473(GEL), 2008 WL 419306, at *3 (S.D.N.Y. Feb. 14, 2008); *Moon v. Gab Kwon*, No. 99 Civ. 11810(GEL), 2002 WL 31512816, at *2 (S.D.N.Y. Nov. 8, 2002) (collecting cases).

determining whether the hours were reasonably incurred, the court must exclude expended hours that are "excessive, redundant, or otherwise unnecessary." *Starkey v. Somers Cent. Sch. Dist.*, No. 02 Civ. 2455(SCR), 2008 WL 5378123, at *2 (S.D.N.Y. Dec. 23, 2008) (quoting *Hensley*, 461 U.S. at 434). Where a case contains multiple claims for relief, but involves a "common core of facts" or "related legal theories," a lawyer's time "will be devoted generally to the litigation as a whole." *Hensley,* 461 U.S. at 435; *see also Starkey*, 2008 WL 5378123 at *4. The award does not depend on the success of each claim, but whether "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Hnot*, 2008 WL 1166309 at *4 (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). If counsel obtains excellent results, such as the receipt of a substantial amount of damages for their client, they are entitled to receive fully compensatory fees. *See Hensley*, 461 U.S. at 434; *see also Moon*, 2002 WL 31512816 at *6 (citing *Cf. Proulx v. Citibank*, 709 F.Supp. 396, 400 (S.D.N.Y. 1989)).

The time set forth in Exhibit C reflects the following reasonable activities: meetings, conferences and communications with the client, conferences with attorneys and staff to discuss case strategy and organize task completion, telephone conversations and correspondence with opposing counsel and the Court, legal research, drafting of pleadings and motions, correspondence with witnesses, conducting and responding to discovery, document review, preparation of pro hac vice documents, preparation for

hearings, and travel time.[5] The time spent drafting class certification documents was reasonable and is compensable, even though the documents were not filed before Defendants made their Offer of Judgment. A reasonable class action attorney would have spent a similar amount of time drafting class certification documents if an Offer of Judgment had not yet been received. A reasonable attorney would also have spent a similar amount of time filling out pro hac vice applications if they were required to represent their client outside the state in which they were licensed to practice.[6] As such, the Court should find this time to be reasonable, and therefore, compensable.

Additionally, although Plaintiff's case contains multiple claims for relief, there can be no question that Plaintiff's entire lawsuit presented a "common core of facts." All of Plaintiff's attorneys' time was "devoted generally to the litigation as a whole." *Hensley,* 461 U.S. at 435. Plaintiff's claims all turned on Defendants' failure to pay earned compensation and minimum wage to Plaintiff in violation of federal and state labor laws. Plaintiff's counsel obtained excellent results for Plaintiff, in the form of a Rule 68 offer of $36,000.00. As is evidenced by Exhibit C, the time expended by Nichols Kaster,

---

[5] Courts have historically approved compensation for a broad range of litigation tasks in addition to typical litigation time, including: (1) time spent prior to filing a lawsuit (*Dowdell v. City of Apopka*, 698 F.2d 1181, 1188 (11th Cir. 1983)); (2) time spent in conference and organization of a case file (*Blum v. Witco Chemical Corp.*, 829 F.2d 367, 378 (3rd Cir. 1987), rev'd on other grounds, 888 F.2d 975 (1989)); (3) travel time (*Rose Conf., Inc. v. Ambrosia*, 816 F.2d 381 396 (8th Cir. 1987); (4) time spent preparing a fee application (*Quarantino v. Tiffany & Co.*, 166 F.3d 422, 428 (2d Cir. 1998)); and even (5) time spent working on unsuccessful claims (*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *4 (S.D.N.Y. Apr. 7, 2008)).

[6] Although the Southern District of New York has not spoken on the issue of whether time expended filing out pro hac vice applications is compensable, other district courts have found the time to be compensable. *See Pappas v. Watson Wyatt & Co.*, No. 3:04CV304 (EBB), 2008 WL 45385, at *7 (D.Conn. Jan. 2, 2008).

PLLP was "devoted generally to the litigation as a whole" and therefore is fully compensable. *Id.*

### C. Law Clerk and Paralegal Time is Compensable

The United States Supreme Court recognized that work completed by paralegals and law clerks should be compensated. *See Missouri v. Jenkins*, 491 U.S. 274, 285-86 (1989). Specifically, the Supreme Court explained "a 'reasonable attorney's fee' cannot have been meant to compensate only work performed personally by members of the bar…the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client." *Id*. This Court has previously held that "[s]tudents are generally billed at rates similar to those of paralegals…and these rates have been steadily rising over the past decade." *Moon*, 2002 WL 31512816 at *3 (citing *Krauth v. Executive Telecard, Ltd.*, No. 95 Civ. 3967(RWS), 1996 WL 29420, at *17 (S.D.N.Y. Jan. 24, 1996)).

The importance of law clerk and paralegal time is compounded in class actions suits which require close client contact. Although much of the work in this case could have been performed by attorneys, Nichols Kaster, PLLP employed a highly skilled support staff to avoid incurring excessive and unnecessary fees. This time is compensable. The rates sought by Plaintiff's law clerks and paralegals are within the range of rates for comparably experienced staff in the New York City market. (*See* Raisner Aff. ¶ 10.) In addition, the rates of Plaintiff's staff, or similar rates, have been

approved by this Court in other cases.[7] As such, Plaintiff requests that the Court approve these rates as reasonable.

### D. The Amount of Damages Recovered by Plaintiff Need Not Be Proportionate to the Award of Attorneys' Fees.

The Second Circuit and this Court have both held that an award for attorneys' fees need not be proportionate to the amount of damages recovered by the plaintiff or plaintiffs. *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1998); *see also Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 2998); *Moon*, 2002 WL 31512816 at *7. In *Quarantino*, the Second Circuit specifically rejected the method of incorporating the amount of damages recovered by plaintiffs when calculating the award of attorneys' fees. *See* 166 F.3d at 424, 427.

### III. PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS AND DISBURSEMENTS.

Under the FLSA, the district court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow….costs of the action to be paid by the defendant." 29 U.S.C. § 216(b) (emphasis added). Moreover, this Court has held that attorneys are entitled to reimbursement of *reasonable* expenses advanced in litigation. *See Mitland*, 840 F.Supp. at 239 (emphasis added). Reasonable expenses are those that are necessary and incidental to the representation of the client. *See Reichman v. Bongsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir. 1987).

---

[7] *See Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *3 (S.D.N.Y. Apr. 7, 2008) (citing *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007)); *see also Mitland Raleigh-Durham v. Myers*, 840 F.Supp. 235, 239 (S.D.N.Y. 1993).

In this case, Plaintiff's counsel incurred $4,389.12 in costs and disbursements in advancing Plaintiff's claims through the date of the Offer of Judgment on February 9, 2009. (Ex. D.) Accordingly, Plaintiff requests an award of $4,389.12 in costs.[8] These costs are reasonable, and were necessary and incidental to the representation of Plaintiff in this case, and should be awarded.

---

[8] A detailed report of Nichols Kaster, PLLP's costs in this matter is attached as Exhibit D. Included are costs for items such as court filings, service of process, photocopies, computer research, postage, supplies and materials, and preparation for trial.

## CONCLUSION

Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $88,831.25 and costs in the amount of $4,389.12.

Dated: __March 9, 2009__     **NICHOLS KASTER, PLLP**


/s/Steven Andrew Smith_____
Donald H. Nichols (DN 0689)
Michele R. Fisher (MF 4600)
Paul J. Lukas, MN Bar No. 22084X
Steven Andrew Smith, MN Bar No. 260836
E. Michelle Drake, MN Bar No. 0387366
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200